IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANNY FOSTER                                                          PLAINTIFF

     v.                                   CIVIL NO. 07-2042

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION

     Plaintiff Danny Foster brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

     The applications for DIB and SSI presently before this court were filed on April 18, 2005, alleging an inability to work since August 1, 2004, due to borderline intellectual functioning, a mood disorder and idiopathic back pain. (Tr. 74, 281). An administrative hearing was held on April 20, 2006. (Tr. 294-321). Plaintiff was present and represented by counsel.

     By written decision dated September 7, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 19). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I,

Subpart P, Regulation No. 4. (Tr. 20). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to lift and carry up to fifty pounds occasionally, twenty-five pounds frequently; to stand or walk for six of eight hours in a work day; to sit for six of eight hours in a work day; to push or pull within the weight limitations listed above; and to frequently bend, stoop, crawl, crouch and climb stairs but never climb scaffolds and ropes. (Tr.20). The ALJ further found plaintiff was limited to simple unskilled work because of a full scale IQ between 72 and 85 and that plaintiff needed to avoid large crowds of people. With the help of vocational expert testimony, the ALJ found plaintiff could perform his past relevant work as a factory worker at a plastic factory. (Tr. 22).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on March 30, 2007. (Tr. 4-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed an appeal brief and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 12, 13).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

2

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

3

experience in light of his residual functional capacity.  *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004)*.  *That duty includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped.  *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).  The ALJ is also required to recontact medical sources and may order consultative evaluations when the available evidence does not provide an adequate basis for determining the merits of the disability claim.  *See* 20 C.F.R. §§ 416.912(e), 416.919a(b).  The ALJ's duty to develop the record extends even to cases like plaintiff's, where an attorney represented the claimant at the administrative hearing. *Id.*  It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about his abilities.

Plaintiff argues that the ALJ did not address the weight that he gave to the examining medical consultants opinions.  According to 20 C.F.R. § 404.1527(c)(2), if the medical opinions in the record are inconsistent with each other, the ALJ must weigh all the evidence. *Hepp v. Astrue*, 2008 WL 60134, *6 (8th Cir. 2008).  However, if medical opinions are consistent, the ALJ need not weigh them. 20 C.F.R. § 404.1527(c)(1).

With regard to plaintiff's mental RFC, the medical evidence during the relevant time period consists of consultative mental evaluations performed by Drs. Patricia J. Walz and Douglas A. Brown on July 12, 2005, and August 2, 2005, respectively; and a mental RFC

assessment and psychiatric review technique form completed by a non-examining medical consultant dated August 8, 2005. (Tr. 247-251, 253-256, 258-261, 263-276). After evaluating plaintiff, Dr. Walz noted plaintiff's behavior was notable for slow response time and a slight speech impediment. Dr. Walz noted plaintiff was cooperative and presented in a "rather child like manner." Dr. Walz noted plaintiff's thought processes were slow. Dr. Walz opined plaintiff appeared to have an impairment in academic functioning and possibly in self directions. She also noted plaintiff's concentration, persistence and pace was "quite slow." Dr. Walz recommended plaintiff undergo further testing.

Plaintiff underwent this testing on August 2, 2005. After evaluating plaintiff and reviewing plaintiff's test results, Dr. Brown diagnosed plaintiff with Axis I: dysthymic disorder, moderate and possible attention deficit-hyperactivity disorder, residual type; and Axis II: borderline intellectual capacity. With regard to concentration, persistence and pace, Dr. Brown found plaintiff to be "rather distractible." Further, in August of 2005, plaintiff's difficulty in maintaining concentration, persistence and pace was noted to be moderate by the non-examining medical consultant.

After reviewing the entire evidence of record, it is clear that the ALJ did not need to give the weight he assigned to each of the above physicians because they all consistently agree plaintiff has difficulties in the area of concentration, persistence and pace. The ALJ properly addressed plaintiff's borderline intellectual functioning and included limitations in his RFC determination but failed to include limitations regarding plaintiff's difficulties with concentration, persistence and pace. The medical evidence clearly shows plaintiff has difficulties

5

with concentration, persistence and pace and we believe it was error for the ALJ not to address these limitations when determining plaintiff's RFC.

We believe remand is warranted so that the ALJ can re-evaluate plaintiff's RFC. Prior to making a new RFC determination we believe the ALJ should more fully and fairly develop the record. We direct the ALJ to address interrogatories to the physicians who have evaluated and/or treated plaintiff– including, Drs. Walz and Brown-- asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's physical limitations and his physical RFC. We recommend that the ALJ address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter

AO72A
(Rev. 8/82)

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 30th day of January 2008.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

7